

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>WILLIAM J. BEVERLY,<br><br>Debtor | Case No. LA 04-29840 TD<br><br>Chapter 7<br><br>MEMORANDUM OF DECISION IN SUPPORT OF ORDER GRANTING MOTION FOR APPROVAL OF COMPROMISE<br><br>DATE:    November 14, 2007<br>TIME:    10:30 a.m.<br>PLACE:   Courtroom 1345 |

This matter was set for hearing on November 14, 2007. Douglas D. Kappler of Robinson, Diamant & Wolkowitz filed a motion to approve a settlement between Edward M. Wolkowitz, chapter 7 trustee (Trustee) and Chicago Insurance Company (Chicago). Dennis McGoldrick of McGoldrick & McGoldrick filed written opposition to the motion on behalf of Debtor, William Beverly (William). Joshua D. Wayser of Locke Lord Bissell & Liddell filed written opposition to the motion on behalf of Stephanie Beverly (Stephanie), Debtor's ex-spouse. Prior to the hearing, I issued a tentative ruling to grant Trustee's motion seeking approval of the settlement and excused counsels' appearances at the hearing. No one appeared. Upon consideration of the evidence and the briefs of counsel, the following are my findings of fact and

conclusions of law.

## INTRODUCTION

In April 2002, Chicago issued a lawyers professional liability insurance policy covering the Beverly Law Corporation and William Beverly (Policy). The Policy covered claims made during a one-year period for negligent acts that occurred after March 21, 1996.

On November 1, 2006, the Trustee sued Chicago in Adversary No. LA 06-02016-TD, later transferred to the district court upon withdrawal of reference. The suit sought declaratory relief respecting the coverage of the Policy and damages and attorneys' fees for breach of contract and of Chicago's covenant of good faith and fair dealing. While the alleged negligent acts at issue occurred before March 21, 1996, Trustee asserted that William's failure to disclose specific conflicts of interest created a "continuous trigger" that moved William's acts to within the Policy reach back period. Chicago disputed the claim that it had any liability under the Policy because Chicago asserted that William's alleged acts were intentional and thus "not covered" and that they occurred outside the reach back period of the Policy.

On August 29, 2007, after more than 9 months of litigation between Trustee and Chicago, the parties reached and formalized a written settlement and release agreement (Agreement). This motion sought an order approving the Agreement. The Agreement provides, in pertinent part, that:

    (1)    Chicago will pay Trustee $150,000.

    (2)    Trustee relinquishes and waives all past, present, and future rights of William under the Policy.

    (3)    The Agreement amounts to a rescission of the Policy; and

    (4)    As to all rights of the [William Beverly bankruptcy] estate, the Agreement is binding upon William and all creditors who received

2

notice of the motion including, but not limited to, Stephanie Beverly.

Stephanie, through her attorney asserts 3 grounds, in opposition to the Trustee's motion. First, that this court lacks jurisdiction to extinguish Stephanie's rights under the Policy. Second, that her rights are not estate property and that court approval of the Agreement would violate a rule that she asserts that a settlement must take into account the rights of third parties. Third, that neither the Trustee nor William has the right to extinguish Stephanie's rights under the Policy without her consent.

William, through his attorney asserts, in opposition to the Trustee's motion that the Agreement is not in the best interest of the estate and was entered into in bad faith. William claims that the Agreement would extinguish William's claim under the Policy, result in prolonging William's bankruptcy case, and would exacerbate the fees of the Trustee and Trustee's counsel. Additionally, William claims that the Trustee does not own William's postpetition claims against the Policy.

## DISCUSSION

The written oppositions filed by William Beverly and Stephanie Beverly (collectively, the Beverlys) are overruled. While the Beverlys both have an interest in the outcome of the Trustee's Policy claims, the interests of each of the Beverlys is indirect and secondary to the needs of the Trustee, in his capacity as trustee of the William Beverly bankruptcy estate.

The Policy claims are property of William's bankruptcy estate; William has no property rights in the Policy or its proceeds. Since the cause of action against Chicago was incurred prepetition, any rights to damages arising from William's prepetition acts are property of the bankruptcy estate, even if damages continue to accumulate postpetition.

The Trustee, as William's chapter 7 trustee, is the holder of the right to assert

3

all William's claims under the Policy. The Agreement settles only the issues related to property of the bankruptcy estate and nothing more; it does not preclude Stephanie from asserting in any forum any claim she believes she has. At the same time, I note that Stephanie does not articulate any specific claim under the Policy. In any event, her concerns are outweighed by the needs of the Trustee to complete the orderly administration of William's bankruptcy estate.

This litigation involves a long, detailed factual history that spans a 15-year period. The investigation, preparation, and trial of this insurance claim would be time consuming and costly. Chicago demanded a jury trial that is estimated to take at least 2-3 weeks, not including pretrial preparation that appears to require discovery and depositions throughout the country.

The projected outcome of the litigation is in considerable doubt because of (a) the long factual history and (b) the defenses asserted by the Chicago. Although the "continuous trigger" theory is a well-recognized one, the Trustee acknowledges that his theory is used mainly in another context, to apportion damage claims for progressive and continuing injuries among multiple insurance carriers who issued comprehensive general liability policies. It would be difficult for the Trustee here to stretch his claim to fit the theory and, even if he could do so, the Trustee would still have to overcome Chicago's defense asserting that the alleged negligent acts occurred prior to the Policy reach back period.

While collection of any judgment against Chicago presumably would not be a problem, the predictability of the outcome of Policy litigation is uncertain, at the least, if not impossible to judge. Consequently, court approval of the Agreement will avoid substantial expenditure of time by the Trustee as well as considerable risk of loss and significant litigation expenses.

## CONCLUSION

Based on the bankruptcy context in which this Policy litigation arose, the complexity of the factual history, the uncertainty of the outcome of the Trustee's claims, and the unpersuasiveness of the Beverlys' claims to Policy proceeds, the oppositions filed by William and Stephanie Beverly are overruled. The motion to approve the settlement between Trustee and Chicago is granted.

SO ORDERED.

DATED: 11/14/2007

_____
THOMAS B. DONOVAN
United States Bankruptcy Judge

5

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

1. You are hereby notified that a judgment or order entitled:

**MEMORANDUM OF DECISION IN SUPPORT OF ORDER GRANTING MOTION FOR APPROVAL OF COMPROMISE**

was entered on 11/21/07.

2. I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on 11/21/07.

Office of the U. S. Trustee
Ernst & Young Plaza
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

Debtor:
William J. Beverly
3424 Carson St., #400
Torrance, CA 90505

Attorney for Debtor:
Dennis McGoldrick, Esq.
350 S. Crenshaw Blvd., #A207B
Torrance, CA 90503

Chapter 7 Trustee:
Edward M. Wolkowitz
1888 Century Park East, #1500
Los Angeles, CA 90067

Attorney for Chapter 7 Trustee:
Douglas D. Kappler, Esq.
Robinson, Diamant & Wolkowitz, APC
1888 Century Park East, #1500
Los Angeles, CA 90067

Attorney for Stephanie Beverly:
Joshua D. Wayser, Esq.
Locke Lord Bissell & Liddell, LLP
300 S. Grand Ave, #800
Los Angeles, CA 90071-3119

Dated: 11/21/07

Clerk